[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Cooke's Equipment Co., Inc., brings this suit seeking to recover the unpaid portion of bills for repairs it CT Page 517 performed and equipment parts it supplied to the defendant, Suppa Brothers, Inc. The defendant counterclaimed, seeking damages for breach of a warranty as to an excavator it bought from the plaintiff.
The court finds the facts to be as follows. Between May 14, 1986 and May 13, 1988, the plaintiff repaired equipment and supplied parts to the defendant on many occasions. The defendant did not pay for each repair or item immediately but maintained an open account and made payments to reduce its balance from time to time. On the basis of invoices and payment records, the plaintiff proved that it had not been paid for repairs and parts worth $8,386.82 (Ex. A). The defendant offered no evidence in defense of this claim but contested the plaintiff's claim for interest. The plaintiff's invoices for repair work contain a paragraph acknowledging receipt of the repaired goods and stating an agreement to pay interest costs and monthly interest at the rate of one percent per month for bills unpaid after thirty days. While the defendant presented evidence that these paragraphs were signed by employees of the defendant, it offered no evidence to establish that the employees whose signatures appear on the invoices had any authority to enter into such agreements on behalf of the defendant corporation. Some of the invoices contain no signature, and the plaintiff's credit manager conceded that there was no general agreement by the defendant to accept any particular credit terms for all of its transactions with the plaintiff.
Accordingly, the plaintiff has not satisfied its burden of proving contractual interest, however it is entitled to statutory interest pursuant to 37-3a C.G.S. for what the court finds to be the defendant's wrongful detention of payments due for services conceded to have been performed and to which no objection was made. Interest on the unpaid balance amounts to $2,763.42 at the statutory rate of ten percent.
On March 26, 1986, the defendant bought a Mitsubishi Model 240 excavator from the plaintiff for $115,000.00. The plaintiff provided the defendant's president, Guiseppe Suppa, with a written warranty document by which the manufacturer of the excavator, Mitsubishi Distribution, Inc., warranted the excavator for a period of one year from purchase (Ex. B).
Guiseppe Suppa testified that within the one-year warranty period the operator of the excavator from time to time noticed a hesitation or "sticking" of the mechanism which enabled the housing of the machine to swing from side to side above the track wheeled base. He testified that he called the plaintiff repeatedly to check this problem but that the problem did not manifest itself at the moments that the plaintiff's mechanics happened to be inspecting it. Mr. Suppa claims that the CT Page 518 plaintiff's sales manager, Walter Auger, agreed that if this problem persisted and caused damage after the warranty had expired, the plaintiff would perform repairs at no charge.
In his testimony, Auger agreed that he had promised to make repairs beyond the warranty period, however he testified that he had not made this promise in connection with any problem with the mechanism which allowed the excavator to swing from side to side. He testified that he had made this representation when Mr. Suppa had reported concern that the housing, or cab, was tipping or oscillating excessively, more simply, that there was too much play between the upper section of the excavator and the track portion. Auger testified that this was the only problem voiced by Suppa, and a regional representative of Mitsubishi testified that the only warranty claim which he had ever investigated with regard to the defendant's excavator involved a claim of excessive play or oscillation in the housing, not a defect in the swing mechanism. Mark Dody, a mechanic employed by the plaintiff, testified that he had repeatedly inspected the excavator upon a complaint of excessive play in the housing but that no representative of the defendant ever complained to him of a problem with the swing mechanism.
In April 1988, more than a year after the expiration of the one-year warranty, the swing mechanism on the defendant's excavator failed entirely, and Mr. Suppa testified that upon disassembling it his mechanic found that the motor which operates the swing had worn-out seals and valves. The defendant claims the plaintiff owed a duty, either under the warranty or because of Auger's oral extension of the warranty, to pay the cost of repairs and that it has failed to do so.
The issues as to this counterclaim come down to a stark matter of credibility. On the basis of his demeanor on the witness stand and his willingness to offer multiple and inconsistent explanations for his failure to take steps to mitigate damages, the court finds that Mr. Suppa's testimony was keyed to the furtherance of his own interests and the avoidance of the plaintiff's claim for unpaid bills rather than to the exact truth of the subject matter about which he testified. His testimony concerning the length of time he was deprived of use of the excavator was belied by testimony of a parts supplier, who, contradicting Mr. Suppa, stated that the parts had been available after one day, not after two weeks.
The court finds that the plaintiff's witnesses as to the issue of the counterclaim were more credible than the defendant's and that the defendant failed to establish that the excavator was defective in the manner claimed during the warranty period, that it made complaint to the plaintiff concerning the claimed defect, CT Page 519 or that the plaintiff ever agreed to repair the excavator after the warranty period if the swing mechanism failed. Even assuming that the warranty was the obligation of the plaintiff rather than of Mitsubishi, and even assuming that it could be orally extended by Mr. Auger, the defendant has simply failed to sustain its burden of proving by the more credible evidence the facts upon which its counterclaim depends.
Judgment shall enter in favor of the plaintiff to recover $11,150.24 from the defendant.
As to the counterclaim, judgment shall enter in favor of the plaintiff, Cooke's Equipment Co., Inc.
BEVERLY J. HODGSON.